J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>Plaintiff,<br>vs.<br><br>OLS HOTELS & RESORTS, LP, previously OUTRIGGER LODGING SERVICES LIMITED PARTNERSHIP, a Nevada Limited Partnership, dba PLANTATION HALE SUITES; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. CV-14-00265<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"B" |

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR (hereinafter referred to as "Plaintiff") is a resident of the State of Hawaii.

2. Upon information and belief, Defendant OLS HOTELS & RESORTS, LP, previously OUTRIGGER LODGING SERVICES LIMITED PARTNERSHIP, (hereinafter referred to as "Defendant") is a for profit limited partnership, organized in the State of Nevada, and is registered to do business in the State of Hawaii with its principal place of business in Encino, California, and is doing business as PLANTATION HALE SUITES.

3. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff, except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates,

successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through inter alia, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

4. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

7. Defendant is doing business in the State of Hawaii as a hotel management company and operates a hotel located in Kapaa, Kauai, under the business name PLANTATION HALE SUITES.

8. Defendant manages and controls a commercial website, at http://www.plantation-hale.com, where customers can view information on Defendant's PLANTATION HALE SUITES hotel, purchase online room reservations or travel packages, or click on hyperlink icons to be directly routed to Defendant's social media commercial web pages for its hotel, including Defendant's commercial web page on Twitter.com.

9. Defendant manages and controls a commercial web page on Twitter.com, at https://twitter.com/PlantationHale, to advertise and promote its PLANTATION HALE SUITES hotel and to encourage users of its Twitter.com commercial web page to navigate to its commercial website, described in paragraph 8, or click on a provided hyperlink to be directly routed to its commercial website to purchase room reservations or travel packages at its hotel.

10. Defendant manages and controls a commercial page on Ow.ly, at http://ow.ly/user/PlantationHale, to manage and create shortened image URL hyperlinks for its use and organization of images on its social media commercial web pages. Defendant's commercial page on Ow.ly is linked to its Twitter.com

commercial web page, described in paragraph 9, to create and manage shortened image URL hyperlinks within Defendant's posts or "tweets" on its Twitter.com commercial web page for users to click on. When a user clicks on Defendant's shortened image URL hyperlink in Defendant's posting or tweet, the viewer is automatically routed to Defendant's commercial page on Ow.ly to view the uploaded image by Defendant. Once routed to Defendant's Ow.ly commercial page, users can click on Defendant's "PlantationHale" account name to view all of the image files that have been uploaded to Defendant's Ow.ly commercial page.

11. The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographs at issue are duly registered with the United States Copyright Office.

12. The four (4) photographic works, image nos.: "A-01 Hammock NEW"; "A-19 Snorkel Hawaii"; "K-36 Haena Beach"; and, "K-22 Opaekaa Falls" at issue in this case were created by Plaintiff, a photographer, who owns the copyrights to the works. The copyrights for the photographic works at issue were registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741, effective June 20, 2011, in the name of Plaintiff, who has exclusive rights and privileges in the photographic works at issue under the United States Copyright Act. A true and

correct copy of the Certificate of Registration that relates to each photographic work at issue is attached hereto as Exhibit "A."

13. None of the said photographic works was a "work for hire."

14. Plaintiff incurred substantial time and expense in creating the photographic works at issue, and Plaintiff licenses the photographic works at issue for commercial and other uses.

15. On December 1, 2011, Plaintiff filed a complaint against Defendant, entitled VINCENT KHOURY TYLOR and HAWAIIAN ART NETWORK, LLC v. OUTRIGGER LODGING SERVICES LIMITED PARTNERSHIP, doing business in Hawaii as BEST WESTERN PLANTATION HALE, PLANTATION HALE SUITES HOTEL, and BANYAN HARBOR RESORT; et al.; Civil No. CV11-00721 SOM-BMK (the "2011 Complaint").

16. In the 2011 Complaint, Plaintiff sought preliminary and permanent injunctive relief and damages arising from Defendant's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 for its infringing use of eight (8) of Plaintiff's photographic works absent Plaintiff's copyright management information, *inter alia*, including one (1) photographic work at issue presently: **"K-36 Haena Beach"**.

17. On December 23, 2011, Plaintiff and Defendant entered into a confidential mutual settlement agreement regarding the allegations set forth in the 2011 Complaint, which was subsequently and voluntarily dismissed with prejudice by Plaintiff.

18. In 2013, Plaintiff learned that Defendant was using two (2) photographic works (including "**K-36 Haena Beach**") at issue in the 2011 Complaint and confidential mutual settlement agreement as well as two (2) additional photographic works of Plaintiff absent Plaintiff's copyright management information.

19. On July 29, 2013, Plaintiff filed a complaint against Defendant, entitled OLS HOTELS & RESORTS, LP, previously OUTRIGGER LODGING SERVICES LIMITED PARTNERSHIP, a Nevada Limited Partnership, dba PLANTATION HALE SUITES and BEST WESTERN PLANTATION HALE SUITES; et al.; Civil No. CV13-00376 JMS-KSC (the "2013 Complaint") that included the allegations, *inter alia*, described in paragraph 18.

20. On December 2, 2013, Plaintiff and Defendant entered into a mutual settlement agreement regarding the allegations set forth in the 2013 Complaint, which was subsequently and voluntarily dismissed with prejudice by Plaintiff.

21. On January 3, 2014, as part of the settlement of the 2013 Complaint, Civil No. CV13-00376 JMS-KSC, described in paragraphs 19 and 20, a "Stipulated Permanent Injunction" by and between Defendant and Plaintiff was entered into and filed with court (filed as Document 8), permanently enjoining Defendant, its officers, directors, agents and employees, together with all others in active concert or participation with them who receive actual knowledge of the Stipulated Permanent Injunction, from any and all publication, display or use of the photographic images of Plaintiff attached as Exhibit A (filed as Document 8-1), without prior written consent. The Stipulated Permanent Injunction and the Exhibit A included all of the photographic works at issue presently; therefore, Defendant's copyright infringements in this case are willful and Defendant's Digital Millennium Copyright Act violations are intentional because Defendant is in clear violation of the Stipulated Permanent Injunction.

22. Plaintiff recently discovered that Defendant was in violation of the Stipulated Permanent Injunction by willfully using four (4) of his photographic works at issue, in high resolution, on its Twitter.com commercial web page and Ow.ly commercial web page a total of at least nine (9) different times, as follows: Image **"A-01 Hammock NEW"** is still being used at least three (3) times at:

*Page URLs:*
https://twitter.com/PlantationHale/status/358235330874314752
http://ow.ly/user/PlantationHale?&page=17 (note that the page=# varies)
http://ow.ly/i/2yaig

*Image URLs:*

https://o.twimg.com/2/proxy.jpg?t=HBgtaHR0cDovL3N0YXRpYy5vdy5seS9waG90b3Mvb3JpZ2luYWwvMnlhaWcuanBnFIAUFIAQABYAEgA&s=YBR8HV8eiCPPBfDL95IDDrwNwNN9ClrxWa2wMRVt3hs

http://ow.ly/i/2yaig/original

Image **"A-19 Snorkel Hawaii"** is still being used at least two (2) times at:

*Page URLs:*

http://ow.ly/user/PlantationHale?&page=16 (note that the page=# varies)

http://ow.ly/i/2LDTh

*Image URLs:*

http://ow.ly/i/2LDTh/original

Image **"K-36 Haena Beach"** is still being used at least two (2) times at:

*Page URLs:*

http://ow.ly/user/PlantationHale?&page=19 (note that the page=# varies)

http://ow.ly/i/2dVZN

*Image URLs:*

http://ow.ly/i/2dVZN/original

Image **"K-22 Opaekaa Falls"** is still being used at least two (2) times at:

*Page URLs:*

http://ow.ly/user/PlantationHale?&page=19 (note that the page=# varies)

http://ow.ly/i/2bbrD

*Image URLs:*

http://ow.ly/i/2bbrD/original

Said photographic works are being used without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. Furthermore, despite the 2011 Complaint, 2013 Complaint, and Stipulated Permanent Injunction putting Defendant on notice of its copyright infringements

and permanently enjoining Defendant from using any of Plaintiff's photographic works, Defendant continues to commit willful infringements of Plaintiff's photographic works in violation of Plaintiff's copyrights and the Stipulated Permanent Injunction. True and correct copies of the photographic works registered by Plaintiff and used without permission by Defendant are attached hereto with corresponding copies of screenshots of Defendant's infringing uses as Exhibit "B".

23. Plaintiff's copyrighted photographic works at issue, where they are legitimately available, bear Plaintiff's copyright management information in the form of a "Vincent K. Tylor" signature at the bottom, right corner of the photographic work.

24. Defendant intentionally removed or altered Plaintiff's copyright management information from the photographic works at issue for Defendant's uses of those photographic works and/or Defendant continued to distribute those photographic works knowing that his copyright management information had been removed or altered, without his authority or the authority of the law. The removal, alteration, and/or distribution of Plaintiff's copyright management information by Defendant was intentional and Defendant knew, or had reasonable grounds to know, that such removal, alteration, and/or distribution would induce, enable, facilitate, or conceal Defendant's infringements of the photographic works at issue

because Defendant had notice of Plaintiff's photographic works at issue containing his copyright management information in Exhibit A to the Stipulated Permanent Injunction, described in paragraph 21, as well as notice from the 2011 and 2013 Complaints, described in paragraphs 15 through 20. A true and correct copy of each of Plaintiff's photographic works at issue containing the copyright management information along with Defendant's uses of the photographic works at issue with the copyright management information cropped is shown in Exhibit "B".

25. Upon information and belief, Defendant's use of Plaintiff's **"A-01 Hammock NEW"** on its Twitter.com commercial web page has contributed to widespread distribution of this photographic work absent Plaintiff's copyright management information because users can view Defendant's "tweets", "follow" Defendant's Twitter.com commercial web page to be notified of its "tweets", "re-tweet" Defendant's "tweet" of this photographic work to other users, or reply to Defendant's "tweets," all of which are actions that automatically promote Defendant's Twitter.com commercial web page and this infringing use among other users and effectively advertise Defendant's business as the origin and owner of this photographic work at issue.

26. When users of Defendant's Twitter.com commercial web page click on Defendant's Ow.ly hyperlinks to view Defendant's Ow.ly use of **"A-01**

**Hammock NEW"**, users can then "tweet" or "share" Defendant's Ow.ly use of that photographic work as well as any of Plaintiff's other photographic works at issue as they appear on Defendant's Ow.ly commercial page, effectively distributing Defendant's "original," uploaded uses of Plaintiff's photographic works (i.e. http://ow.ly/i/2yaig/**original**) absent Plaintiff's copyright management information, among the millions of users of social media websites Facebook.com or Twitter.com.

27. Defendant's continued use of **"K-36 Haena Beach"** is clearly willful and has caused significant damage to Plaintiff. In 2011, Defendant used that photographic work, absent Plaintiff's copyright management information, on commercial websites managed or controlled by Defendant, falsely leading users of Defendant's websites to believe that Defendant was in fact the owner of the copyright to that photographic work at issue. The subsequent use by Defendant of **"K-36 Haena Beach"** on its commercial Facebook.com web page for commercial advertising purposes, described in the 2013 Complaint, was even more egregious as Defendant made its infringing use, absent Plaintiff's copyright management information, available for sharing and download by the millions of users on Facebook.com. Defendant's current use of **"K-36 Haena Beach"** on its Ow.ly commercial page, absent Plaintiff's copyright management information,

encourages users to "tweet" or "share" Defendant's infringing use among the millions of users of social media websites Facebook.com or Twitter.com.

28. Despite a Stipulated Permanent Injunction by and between Defendant and Plaintiff filed on January 3, 2014, Defendant continues to use four (4) of Plaintiff's photographic works included in that injunction, without authorization, and absent Plaintiff's copyright management information, constituting willful copyright infringement and intentional violations of the Digital Millennium Copyright Act; thus necessitating legal action.

**FIRST CAUSE OF ACTION:**
**COPYRIGHT INFRINGEMENT**

29. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-28 as if fully stated herein.

30. Plaintiff has all rights, title, and interest in the copyrights to the photographic works as holder of the copyrights, the use of which has never been licensed to Defendant.

31. In violation of the Stipulated Permanent Injunction, Defendant has misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendant; Defendant thereby willfully engaged in, and continues to willfully engage in, unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using four (4) of Plaintiff's photographic works a total of nine (9)

separate times on its Twitter.com commercial web page and/or Ow.ly commercial web page. Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

32. Defendant has shown that it intends to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

33. Defendant's unlawful use of copies of Plaintiff's original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiff.

34. Defendant's unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

35. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

36. Defendant, by its unauthorized appropriation and use of Plaintiff's original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

37. Because Defendant used Plaintiff's copyrighted photographic work without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

38. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

39. Plaintiff is entitled to recover from Defendant the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of copyright infringement.

40. Plaintiff is further entitled to recover from Defendant any gains, profits, or advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its acts of copyright infringement.

41. Plaintiff is entitled to elect to recover from Defendant statutory damages for each of its willful violations of Plaintiff's copyrights.

42. Plaintiff is further entitled to costs and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION:**
**DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

43. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-42 as if fully stated herein.

44. Defendant has intentionally removed Plaintiff's copyright management information from association with his photographic works for Defendant's infringing uses, or distributed the photographic works at issue knowing that Plaintiff's copyright management information had been removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal, alteration or distribution would induce, enable, facilitate, or conceal infringement of copyright.

45. Defendant's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

46. Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

47. Plaintiff is entitled to recover from Defendant the actual damages suffered by Plaintiff and any profits Defendant has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

48. Plaintiff is entitled to elect to recover from Defendant statutory damages for each of its violations of 17 U.S.C. § 1202.

49. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendant and its directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing Plaintiff's

photographic works, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendant be required to pay such damages as Plaintiff has sustained and any profits Defendant has gained in consequence of Defendant's unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Defendant be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

E. That Defendant be held in Contempt of Court for its willful violation of the Stipulated Permanent Injunction and be required to pay a fine and/or be subjected to sanctions as this Court may deem just and proper; and,

F. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, June 6, 2014.

/s/ J. Stephen Street

J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR