ORTIZ & KATANO
A LAW CORPORATION

| | |
|---|---|
| JONATHAN L. ORTIZ | 2297-0 |
| WADE J. KATANO | 6496-0 |
| CHRISTINE S. PREPOSE-KAMIHARA | 9039-0 |

2121 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Phone No.:  (808) 524-6696
Fax No.:    (808) 524-6690
E-mail:     wade@ortizkatano.com

Attorneys for Third-Defendant
GRAPHIC COMMUNICATION INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR, | CASE NO. CV 14-00265 RLP-NONE (Copyright Infringement) |
| Plaintiff, | |
| vs. | THIRD-PARTY DEFENDANT GRAPHIC COMMUNICATION INC.'S **CROSS-CLAIM** AGAINST THIRD-PARTY DEFENDANT TURELL GROUP, LLC; CERTIFICATE OF SERVICE |
| OLS HOTELS & RESORTS, LP, previously OUTRIGGER LODGING SERVICES LIMITED PARTNERSHIP, a Nevada Limited Partnership, dba PLANTATION HALE SUITES, JOHN DOES 1-10; JANE DOES 1-10, DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | |
| Defendants. | |
| | Trial Date:  Not Set |

|  |  |
|---|---|
| OLS HOTELS & RESORTS, LP, a Nevada Limited Partnership, | ) ) ) ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| TURELL GROUP, LLC, an Oregon Limited Liability Company; GRAPHIC COMMUNICATION INC., a Hawaii Corporation, dba TSUNAMI MARKETING, et al., | ) ) ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

**THIRD-PARTY DEFENDANT GRAPHIC COMMUNICATION INC.'S CROSS-CLAIM AGAINST THIRD-PARTY DEFENDANT TURELL GROUP, LLC**

Third-Party Defendant GRAPHIC COMMUNICATION INC. ("GCI"), by and through its undersigned counsel, and for cross-claim against Third-Party Defendant TURELL GROUP, LLC ("TURELL"), hereby alleges and avers as follows:

      1.    That Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") filed a Complaint in the above-captioned action on or about June 6, 2014 ("Complaint"), which is incorporated herein by reference.

2. That Defendant and Third-Party Plaintiff OLS HOTELS & RESORTS, LP, a Nevada Limited Partnership ("OLS HOTELS") filed a Third-Party Complaint against Third-Party Defendants GCI and TURELL on or about August 21, 2014 ("Third-Party Complaint"), which is incorporated herein by reference.

3. That Third-Party Defendant GCI did not engage in any acts or omissions which in any way caused or contributed to the damages alleged by Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS.

4. That if Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS were damaged as alleged in the Complaint and/or Third-Party Complaint, respectively, said damages were the result of the negligence or other legal fault of Third-Party Defendant TURELL, and Third-Party Defendant GCI was not negligent or in any way at fault.

5. That if Third-Party Defendant GCI is found to be liable to Plaintiff and/or Defendant and Third-Party Plaintiff herein, Third-Party Defendant GCI is entitled to indemnity and/or contribution from Third-Party Defendant TURELL.

6. That if Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS are entitled to any recovery in this lawsuit, their right of recovery is

against Third-Party Defendant TURELL and not against Third-Party Defendant GCI.

7. That even if it be determined that Third-Party Defendant GCI was in some way negligent, the negligence of Third-Party Defendant GCI was merely passive and secondary, whereas the negligence of Third-Party Defendant TURELL was primary and active, and accordingly, Third-Party Defendant GCI is entitled to indemnification from Third-Party Defendant TURELL.

WHEREFORE, Third-Party Defendant GCI prays as follows:

1. That if judgment be entered in favor of Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS against any party to this action, that judgment be entered against Third-Party Defendant TURELL and not against Third-Party Defendant GCI.

2. That if judgment be entered in favor of Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS against Third-Party Defendant GCI, that Third-Party Defendant GCI have judgment against Third-Party Defendant TURELL in the amount of any judgment against Third-Party Defendant GCI, plus interest, costs and attorneys' fees.

3. That if it should be determined that Third-Party Defendant GCI and any other party to this action are joint tortfeasors and/or co-obligors with

respect to the damages of Plaintiff and/or Defendant and Third-Party Plaintiff OLS HOTELS, that the respective degree of liability of each joint tortfeasor be determined and that Third-Party Defendant GCI have judgment against Third-Party Defendant TURELL for any amount which Third-Party Defendant GCI may pay over and above its pro rata share of any judgment.

4. That the Complaint and Third-Party Complaint be dismissed with prejudice as to Third-Party Defendant GCI.

5. That Third-Party Defendant GCI be awarded its costs and reasonable attorneys' fees.

6. That this Court grant such other and further relief that is just and proper under the premises.

DATED: Honolulu, Hawaii, October 31, 2014.

/s/ Wade J. Katano
JONATHAN L. ORTIZ
WADE J. KATANO
CHRISTINE S. PREPOSE-KAMIHARA
Attorneys for Third-Party Defendant
GRAPHIC COMMUNICATION INC.